**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 2 2012 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CRISTOBAL V. VANTERPOOL,

                    Plaintiff,

          v.

CITY OF NEW YORK; ALBERT BLACKMAN;
NYPD OFFICER JOHN FRAGEDIS, Shield #2140;
NYPD DEPUTY INSPECTOR KENNETH C. LEHR
and NYC CORPORATION COUNSELOR
MICHAEL A. CARDOZO,

                    Defendants.
------------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-2961 (MKB)

**BRODIE, United States District Judge:**

On June 11, 2012, Plaintiff Cristobal Vanterpool, appearing *pro se*, filed this action

pursuant to federal and state laws.[1]  Plaintiff seeks damages.  The Court grants Plaintiff's request

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  The Complaint is dismissed in part

as set forth below.

I.     **Background**

Plaintiff alleges that on May 19, 2012, following a housing court matter with his landlord,

Defendant Albert Blackman, which resulted in a favorable decision for Plaintiff, he was forcibly

removed from his residence and falsely arrested by Defendant Fragedis, a police officer that was

purportedly acting at Blackman's request.  (Compl. ¶¶ 12, 14.)  Plaintiff was incarcerated and

was later acquitted of all the charges; however, he does not provide the date of his acquittal.  *Id.* at

---

[1] This Complaint is very similar to one filed the same week which includes the same attachment
"Jim Crow must go" and appears to have been drafted by the same person.  *See Miller v. City of New York*,
No. 12-CV-2965 (MKB) (LB) (filed June 12, 2012).

1

¶¶ 31, 42, 48.

Plaintiff also makes allegations related to a policy of racial profiling, abuse of process, negligence, violations of 42 U.S.C. §§ 1981–1983 and conspiracy with racial animus, in addition to various violations of state laws.

## II. Discussion

### a. Standard of Review

In reviewing the Complaint, the Court is aware that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted).

### b. Municipal Liability

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or

2

custom and the deprivation of a constitutional right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *see also Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Furthermore, "a municipality cannot be made liable [under § 1983] by the application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Rather, a plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

Even when liberally construed, the Complaint cannot reasonably be interpreted as alleging facts sufficient to infer that the City of New York has any pattern, policy, or custom that caused Plaintiff to be deprived of a constitutional right. Instead, Plaintiff describes a single incident that purportedly involved one police officer and Plaintiff's landlord. Such an incident does not give rise to an inference of the existence of a custom, policy or practice that would hold the City of New York liable. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). As plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the [municipal] defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Complaint is dismissed against the City of New York for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### c. Personal Involvement

As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir.

3

2006) (*quoting Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see also Iqbal*, 556 U.S. at 677 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Plaintiff fails to make any allegations against Defendants Lehr or Cardozo that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. *Farrell*, 449 F.3d at 484. As Plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the[se] defendant[s] [are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, the Complaint is dismissed against Defendants Lehr and Cardozo for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.    Conclusion

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed against Defendants City of New York, Lehr and Cardozo for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. No summons shall issue against these defendants.

The Complaint against Defendants Blackman and Fragedis shall proceed. The Clerk of Court shall prepare a summons against these defendants and the United States Marshals Service shall serve the summons, complaint and a copy of this Order upon these defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated:   Brooklyn, New York
         July 2, 2012