UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| CRISTOBAL V. VANTERPOOL, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>12-CV-2961 (MKB) |
| v. | |
| ALBERT BLACKMAN and NYPD OFFICER<br>JOHN FRAGEDIS, | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Cristobal Vanterpool, proceeding *pro se*, filed the above-captioned action against Defendants City of New York, Albert Blackman, New York City Police Officer John Fragedis, New York City Police Deputy Inspector Kenneth C. Lehr, and New York City Police Inspector Michael Cardozo on June 11, 2012. (Docket Entry No. 1.) By Order dated July 2, 2012, the Court dismissed the Complaint against the City of New York, Lehr and Cardozo. (Docket Entry No. 6.) Magistrate Judge Vera M. Scanlon held an initial conference on April 5, 2013 but Plaintiff failed to attend. (*See* Minute Entry dated April 5, 2013.) During the conference, counsel for Defendants represented that they had attempted to contact Plaintiff in advance of the conference at two telephone numbers and had left seven voicemail messages for Plaintiff. (*See* Scheduling Order dated April 7, 2013.) Judge Scanlon noted that the Court had not received any communication from Plaintiff since 2012. (*Id.*) Judge Scanlon scheduled another conference for May 8, 2013, and warned that "[i]f Plaintiff fails to appear at the conference without explanation, Defendants may apply to the District Judge for leave to move to

dismiss the action because of Plaintiff's failure to prosecute." (*Id.*) A copy of the order was mailed to Plaintiff at the address listed with the Court. (*Id.*)

On May 8, 2013, Judge Scanlon held a conference at which counsel for each Defendant appeared but Plaintiff did not appear. (*See* Order dated May 8, 2013.) Counsel for Defendants represented that they had left voicemail messages for Plaintiff with information regarding the conference, but had not received any communication from Plaintiff. (*Id.*) Judge Scanlon ordered that by May 22, 2013, Plaintiff must communicate with Defendants' counsel about discovery in this action and inform the Court in writing whether he intends to prosecute this action. (*Id.*) Judge Scanlon further noted that if Plaintiff failed to do so, Defendants may move to dismiss for failure to prosecute. (*Id.*) A copy of the order and the docket sheet was mailed to Plaintiff at the listed address. (*Id.*)

By letter dated September 10, 2013, counsel for Defendant Fragedis requested that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court dismiss this action with prejudice because of Plaintiff's failure to prosecute. (Docket Entry No. 17.) Counsel represented that they have not received any communication from Plaintiff since March 1, 2013, despite counsel having left telephone messages for Plaintiff on eight separate occasions at two separate telephone numbers between March 1, 2013 and May 22, 2013, and having mailed correspondence to Plaintiff on March 4, 2013 and March 29, 2013. (*Id.*) In addition, Plaintiff has not communicated with the Court since June 25, 2012. (*See* Docket Entry No. 5.)

Plaintiff is ordered to show cause, in writing, on or before October 18, 2013, why the Court should not dismiss this action for failure to prosecute. If Plaintiff fails to do so, the Court will deem Plaintiff to have abandoned the case and will dismiss the case for failure to prosecute. A copy of this order shall be served on Plaintiff by mailing it to his last known address and

leaving a copy with the Clerk of Court pursuant to Rule 5(b)(2)(C) and (D) of the Federal Rules of Civil Procedure.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 4, 2013
       Brooklyn, New York