UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CRISTOBAL V. VANTERPOOL,

                    Plaintiff,              **MEMORANDUM & ORDER**
                                                             12-CV-2961 (MKB)
                v.

ALBERT BLACKMAN and NYPD OFFICER
JOHN FRAGEDIS,

                    Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Cristobal Vanterpool, proceeding *pro se*, filed the above-captioned action on June 11, 2012. Plaintiff has not communicated with the Court since June 25, 2012. On September 10, 2013, Defendant John Fragedis requested that the Court dismiss the Complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute. On October 4, 2013, Plaintiff was ordered to show cause, in writing, on or before October 18, 2013, why the Court should not dismiss this action for failure to prosecute. Plaintiff was warned that if he failed to respond to the order to show cause, the Court would deem Plaintiff to have abandoned the case and would dismiss the case for failure to prosecute. Plaintiff has not responded to the order to show cause. For the reasons set forth below, the Court dismisses the Complaint with prejudice.

**I. Background**

        Vanterpool filed the above-captioned action against the City of New York, Albert Blackman, New York City Police Officer John Fragedis, New York City Police Deputy Inspector Kenneth C. Lehr, and New York City Police Inspector Michael Cardozo on June 11,

2012. (Docket Entry No. 1.) By Order dated July 2, 2012, the Court dismissed the Complaint against the City of New York, Lehr and Cardozo. (Docket Entry No. 6.) Magistrate Judge Vera M. Scanlon held an initial conference on April 5, 2013 but Plaintiff failed to attend. (*See* Minute Entry dated April 5, 2013.) During the conference, counsel for Defendants represented that they had attempted to contact Plaintiff in advance of the conference at two telephone numbers and had left seven voicemail messages for Plaintiff. (*See* Scheduling Order dated April 7, 2013.) Judge Scanlon noted that the Court had not received any communication from Plaintiff since 2012. (*Id.*) Judge Scanlon scheduled another conference for May 8, 2013, and warned that "[i]f Plaintiff fails to appear at the conference without explanation, Defendants may apply to the District Judge for leave to move to dismiss the action because of Plaintiff's failure to prosecute." (*Id.*) A copy of the order was mailed to Plaintiff at the address listed with the Court. (*Id.*)

On May 8, 2013, Judge Scanlon held a conference at which counsel for each Defendant appeared but Plaintiff did not appear. (*See* Order dated May 8, 2013.) Counsel for Defendants represented that they had left voicemail messages for Plaintiff with information regarding the conference, but had not received any communication from Plaintiff. (*Id.*) Judge Scanlon ordered that by May 22, 2013, Plaintiff must communicate with Defendants' counsel about discovery in this action and inform the Court in writing whether he intended to prosecute this action. (*Id.*) Judge Scanlon further noted that if Plaintiff failed to do so, Defendants could move to dismiss the action for failure to prosecute. (*Id.*) A copy of the order was mailed to Plaintiff. (*Id.*)

By letter dated September 10, 2013, counsel for Fragedis requested that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court dismiss the Complaint with prejudice because of Plaintiff's failure to prosecute. (Docket Entry No. 17.) Counsel

represented that neither he nor counsel for Blackman has received any communication from Plaintiff since March 1, 2013,[1] despite counsel having left telephone messages for Plaintiff on eight separate occasions at two telephone numbers between March 1, 2013 and May 22, 2013, and having mailed correspondence to Plaintiff on March 4, 2013 and March 29, 2013. (*Id.*) In addition, Plaintiff has not communicated with the Court since June 25, 2012. (*See* Docket Entry No. 5.)

On October 4, 2013, Plaintiff was ordered to show cause, in writing, on or before October 18, 2013, why the Court should not dismiss this action as a result of his failure to prosecute. (*See* Docket Entry No. 18.) Plaintiff was warned that if he failed to do so, the Court would deem Plaintiff to have abandoned the case and would dismiss the case for failure to prosecute. (*Id.*) Plaintiff has not responded to the order to show cause.

**II. Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations," *Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)), however it is an "important tool for preventing undue delays and avoiding docket congestion," *Drake*, 375 F.3d at 250.

Recognizing that dismissal pursuant to Rule 41(b) lies within the discretion of the district court, the Second Circuit has set forth five factors to be considered in determining whether

---

[1] Counsel for Fragedis states that he received one telephone call from Plaintiff on March 1, 2013, but does not indicate if he spoke to Plaintiff or the content of the communication, if any. (*See* Docket Entry No. 17.)

3

dismissal is appropriate: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that failure to comply or further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *Drake*, 375 F.3d at 254; *see also Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467–468 (2d Cir. 2013); *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). No one factor is dispositive. *Drake*, 375 F.3d at 254; *Lewis*, 564 F.3d at 576.

Where the dismissal is with prejudice, "it must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings." *Estate of Jaquez v. City of New York*, --- Fed. App'x ---, ---, 2013 WL 5645779, at *1 (2d Cir. Oct. 17, 2013) (citation and internal quotation marks omitted). "[B]ecause the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless," [the Second Circuit] ha[s] instructed that it should be used only in extreme situations, and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." *Id.* (alteration, citation and internal quotation marks omitted). "[A] *pro se* litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* (citation and internal quotation marks omitted).

### a. Responsibility and Duration

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255. Plaintiff has not communicated with the Court for over sixteen months, since June 25, 2012. (*See* Docket Entry No. 5.) Counsel for Defendants have not received any communication from Plaintiff since March 1, 2013, despite having left telephone messages for Plaintiff on eight separate occasions at two different telephone numbers between March 1, 2013

4

and May 22, 2013, and having mailed correspondence to Plaintiff on March 4, 2013 and March 29, 2013. (Docket Entry No. 17.) Plaintiff has failed to appear for multiple conferences over the course of nearly seven months and has failed to respond to the Court's order to show cause. The failures to prosecute in this case are the fault of Plaintiff, and Plaintiff's failure to communicate with the Court for over sixteen months is a failure of significant duration warranting dismissal. *See, e.g.*, *Brow v. City of New York*, 391 Fed. App'x 935, 936 (2d Cir. 2010) (finding that a six-month delay supported dismissal with prejudice under Rule 41(b)); *Nolan v. Primagency, Inc.*, 344 F. App'x 693, 694 (2d Cir. 2009) (recognizing that a six-month delay in prosecuting is adequate to support dismissal under Rule 41(b) and affirming district court's dismissal with prejudice); *Livecchi v. U.S. Dep't of Hous. & Urban Dev.*, 153 Fed. App'x 16, 17 (2d Cir. 2005) (finding that the district court did not abuse its discretion in dismissing case with prejudice for failure to prosecute where, *inter alia*, *pro se* plaintiff did not pursue his case for over a year and gave no adequate excuse for his inactivity); *Kingston v. Qudsi*, No. 12-CV-227, 2013 WL 5676051, at *4 (N.D.N.Y. Oct. 17, 2013) (adopting report and recommendation) (dismissing with prejudice *pro se* plaintiff's complaint where plaintiff failed to respond to defendants' motions or take action in case for over four months, leading court to conclude that plaintiff had abandoned prosecution of the action). This factor weighs in favor of dismissal.

      b.   **Notice**

Plaintiff has been given notice. Plaintiff was repeatedly warned that continued failure to prosecute this case would result in dismissal. Judge Scanlon notified Plaintiff on April 7, 2013, that if he failed to appear for the May 8, 2013 conference, Defendants could apply for leave to move to dismiss the action. (Scheduling Order dated April 7, 2013.) When Plaintiff did not appear for the May 8, 2013 conference, Judge Scanlon ordered that by May 22, 2013, Plaintiff

must inform the Court in writing whether he intended to prosecute this action, and if he failed to do so, Defendants could move to dismiss for failure to prosecute. (Order dated May 8, 2013.) When Plaintiff did not comply and Fragedis moved for dismissal, (Docket Entry No. 17), the Court issued an order to show cause on October 4, 2013, and again warned Plaintiff that failure to respond by October 18, 2013, would result in dismissal of this action (Docket Entry No. 18). Plaintiff has not responded to the order to show cause. For more than six months Plaintiff has been repeatedly notified that failure to take action in this proceeding would result in dismissal. This factor weighs in favor of dismissal.

        **c.   Prejudice**

The lengthy and inexcusable delay in this action has prejudiced Defendants. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256–57; *see also Adams v. Yolen*, 513 Fed App'x 64, 66 (2d Cir. 2013). "In cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (citation and internal quotation marks omitted); *see also Adams*, 513 Fed App'x at 66. District courts in this Circuit have presumed prejudice resulting from unreasonable delay in cases where plaintiffs have failed to take action to further their case for over a year, as is the case here. *See, e.g.*, *Payne v. Golden First Mortgage Corp.*, No. 12-CV-2673, 2013 WL 3863912, at *2 (E.D.N.Y. July 24, 2013) (adopting report and recommendation) (noting, in the context of plaintiffs' failure to further their case after filing the complaint over one year prior, that prejudice resulting from unreasonable delay may be presumed); *Rogers v. Villafane*, No. 12-CV-3042, 2013 WL 3863914, at *2 (E.D.N.Y. July 24, 2013) (adopting report and recommendation) (same); *Aaronson v. Am. Med. Sys., Inc.*, No. 09-CV-2487, 2012 WL 1712378, at *3 (E.D.N.Y. May 15, 2012) (finding that

prejudice could be presumed by the length of delay where nearly ten months had passed since the plaintiff was due to submit a letter detailing his plans to move forward with his case, and over sixteen months had passed since the plaintiff was ordered to make a submission to the court); *Thomas v. News & Comics, Inc.*, No. 10-CV-2041, 2012 WL 511486, at *3 (E.D.N.Y. Feb. 13, 2012) (finding that, where plaintiff allowed his case to lie dormant with no activity on his part since an appearance one year prior, a presumption of prejudice arose). This factor weighs in favor of dismissal.

### d. Court Congestion

Plaintiff's delay has not impacted the trial calendar or otherwise impeded the Court's work. Balancing the court's calendar congestion against Plaintiff's right to assert his claims does not weigh in favor of dismissal.

### e. Efficacy of Lesser Sanctions

The Court has considered the efficacy of sanctions less than dismissal and has concluded that they are inadequate. "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted). Plaintiff had ample opportunity to appear at the scheduled conferences, or to object to Judge Scanlon's scheduling orders, but did not appear or object. Plaintiff was expressly warned that the consequence of his failure to respond to the order to show cause would be dismissal. There is no reason to believe that a lesser sanction would be effective in this case, where substantially all communications to Plaintiff from the Court, Judge Scanlon and counsel for Defendants have been ignored by Plaintiff. *See Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *3 (S.D.N.Y. Oct. 1, 2013). As a *pro se* litigant, the Court affords

Plaintiff special consideration. However, Plaintiff's *pro se* status does not excuse his abandonment of his own lawsuit. *Id.* "While dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant, it may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Manigaulte v. C.W. Post of Long Island Univ.*, --- Fed. App'x ---, ---, 2013 WL 3481377, at *1 (2d Cir. July 12, 2013) (citation and internal quotation marks omitted); *see also Williams v. Wellness Med. Care, P.C.*, No. 11-CV-5566, 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) ("[E]ven pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." (citation omitted)). The Court finds that the circumstances are sufficiently extreme to warrant dismissal with prejudice.

### III. Conclusion

For the reasons explained above, the application to dismiss the Complaint for failure to prosecute is granted. The Court dismisses the Complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute this action. The Clerk of the Court is directed to close this case.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 5, 2013
      Brooklyn, New York